## PEOPLE v. BOLDUC.

CRIMINAL LAW—EVIDENCE OF OTHER OFFENSE—INTENT—MOTIVE—STATUTES—APPEAL AND ERROR.

> In prosecution for assault with intent to do great bodily harm less than murder, growing out of gun fight engaged in by defendant and others with officers, testimony that defendant admitted, when arrested in another State with others for carrying concealed weapons, that gun found belonged to him, was not admissible, since it had no relation to crime charged, nor was it competent as bearing on his intent or motive, under 3 Comp. Laws 1929, § 17320; but it was not prejudicial of itself, and therefore its admission is not reversible error, in absence of showing of actual prejudice.

Appeal from Lenawee; Rathbun (George A.), J. Submitted June 16, 1932. (Docket No. 151, Calendar No. 35,755.) Decided September 16, 1932.

Herbert Bolduc, Virgil Bolduc, and James Cox were convicted of assault with intent to do great bodily harm less than murder. Affirmed.

*Clark & Bean*, for appellants.

*Paul W. Voorhies*, Attorney General, and *Major Bird*, Prosecuting Attorney, for the people.

FEAD, J. December 30, 1929, defendants and two others were transporting liquors on the highway and engaged in a gun fight with officers. Defendants review conviction for assault with intent to do great bodily harm less than the crime of murder.

---

[*] Continued from Vol. 259.

On evidence of other crimes to show intent and motive, see annotation in 62 L. R. A. 194 *et seq.*

Defendants allege 13 errors, in the admission of testimony or the asking of questions, all on the ground of prejudice. The record does not contain the whole of the evidence, and we cannot say that prejudice was affirmatively shown.

- With the exception of one, the claimed errors are so evidently without merit as to need no discussion.

Defendant Cox was arrested in Indianapolis at a time when he and two others were under charge of carrying weapons. A witness was permitted to testify that the other two were discharged when Cox stated that the gun belonged to him. The testimony had no relation to the crime here charged, nor was it competent as bearing on Cox's intent or motive, under 3 Comp. Laws 1929, § 17320. However, the testimony was not prejudicial of itself nor did the record demonstrate actual prejudice.

Judgment affirmed.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.